IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00912-GPG

DAVID E. BIRDSALL,

    Plaintiff,

v.

COLORADO COALITION, and
MRS. RICE,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, David E. Birdsall, has filed *pro se* a Title VII Complaint (ECF No. 1). The court must construe the complaint liberally because Mr. Birdsall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Birdsall will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The complaint is deficient because Mr. Birdsall fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these

purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Birdsall fails to provide a short and plain statement of the claims he is asserting. Although Mr. Birdsall has filed a Title VII Complaint, he does not assert any claims pursuant to Title VII, which prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Construing the complaint liberally, Mr. Birdsall apparently intends to assert claims of housing discrimination under the Fair Housing Act. However, he fails to allege specific facts in support of any housing discrimination claims that demonstrate his rights under the Fair Housing Act have been violated. *See Reinhart v. Lincoln County*, 482 F.3d 1225, 1229 (10th Cir. 2007) (discussing elements of a claim under the Fair Housing Act).

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Mr. Birdsall must file an amended complaint. Mr. Birdsall must identify the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is

asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Birdsall file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Birdsall shall obtain the appropriate court-approved pleading form, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov). It is

FURTHER ORDERED that, if Mr. Birdsall fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED April 30, 2015, at Denver, Colorado.

                                BY THE COURT:

                                S/ Gordon P. Gallagher

                                United States Magistrate Judge